**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIYUSH PALEJA, | |
| **Plaintiff,** | **Case No: 1:26-cv-5565** |
| - against - | |
| DM31 HOSPITALITY, LLC<br>  d/b/a BOMBAY BISTRO WEST VILLAGE,<br>RAJU MIRCHANDANI, and<br>CHETAN PATIL, | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff PIYUSH PALEJA ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendants, DM31 HOSPITALITY, LLC d/b/a BOMBAY BISTRO WEST VILLAGE (the "Corporate Defendant"), and RAJU MIRCHANDANI and CHETAN PATIL (each an "Individual Defendant," and together with Corporate Defendant, "Defendants") and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action on behalf of himself pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2.      Plaintiff also brings this action on behalf of himself pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid overtime, (2) unpaid spread-of-hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff also brings this action on behalf of himself pursuant to FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215, that Defendants retaliated against Plaintiff for speaking out about Defendants' unlawful wage practices, seeking from Defendants: (1) economic damages, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Thiss Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

#### *PIYUSH PALEJA*

8.      Plaintiff is an adult who resides in Kings County, New York.

9. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

10. Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

11. At all relevant times, Defendants owned and operated an Indian cuisine restaurant, doing business under the tradename "Bombay Bistro West Village," which was located at 31 Cornelia Street, New York, NY 10014.

12. At all relevant times, Defendants jointly employed Plaintiff.

13. At all relevant times, each Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

14. At all relevant times, Defendants were and continue to be an employer within the meaning of the FLSA and NYLL.

### *DM31 HOSPITALITY, LLC d/b/a BOMBAY BISTRO WEST VILLAGE*

15. Corporate Defendant DM31 HOSPITALITY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 31 Cornelia Street, New York, NY 10014, and an address for service of process located at c/o Kishore Mirchandani, 23-02 33rd Avenue, Astoria, New York 11106.

16. At all relevant times, DM31 HOSPITALITY, LLC has done business as BOMBAY BISTRO WEST VILLAGE.

17. At all relevant times, DM31 HOSPITALITY, LLC had an annual dollar volume of sales in excess of $500,000.

18. DM31 HOSPITALITY, LLC is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff.

19.    At all relevant times, DM31 HOSPITALITY, LLC has maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

*RAJU MIRCHANDANI*

20.    At all relevant times, Individual Defendant RAJU MIRCHANDANI has been an owner and operator of DM31 HOSPITALITY, LLC.

21.    At all relevant times, Individual Defendant RAJU MIRCHANDANI has been a principal of DM31 HOSPITALITY, LLC.

22.    At all relevant times, RAJU MIRCHANDANI has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at DM31 HOSPITALITY, LLC. At all relevant times, RAJU MIRCHANDANI hired Plaintiff to work at Bombay Bistro West Village.

23.    At all relevant times, RAJU MIRCHANDANI has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff at DM31 HOSPITALITY, LLC.

24.    At all relevant times, RAJU MIRCHANDANI has had the power to maintain employment records, including time and/or wage records of employees at DM31 HOSPITALITY, LLC.

25.    At all relevant times, RAJU MIRCHANDANI has been actively involved in managing the day to day operations of DM31 HOSPITALITY, LLC.

26.    At all relevant times, RAJU MIRCHANDANI has had authority over personnel or payroll decisions and employment policies, practices and procedures at DM31 HOSPITALITY, LLC.

27.    At all relevant times, RAJU MIRCHANDANI has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff.

28.    RAJU MIRCHANDANI is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff.

*CHETAN PATIL*

29.    At all relevant times, Individual Defendant CHETAN PATIL has been an owner and operator of DM31 HOSPITALITY, LLC.

30.    At all relevant times, Individual Defendant CHETAN PATIL has been a principal of DM31 HOSPITALITY, LLC.

31.    At all relevant times, CHETAN PATIL has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at DM31 HOSPITALITY, LLC. At all relevant times, CHETAN PATIL terminated Plaintiff's employment at Bombay Bistro West Village.

32.    At all relevant times, CHETAN PATIL has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff at DM31 HOSPITALITY, LLC.

33.    At all relevant times, CHETAN PATIL has had the power to maintain employment records, including time and/or wage records of employees at DM31 HOSPITALITY, LLC.

34.    At all relevant times, CHETAN PATIL has been actively involved in managing the day to day operations of DM31 HOSPITALITY, LLC.

35.    At all relevant times, CHETAN PATIL has had authority over personnel or payroll decisions and employment policies, practices and procedures at DM31 HOSPITALITY, LLC.

36.    At all relevant times, CHETAN PATIL has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff.

37.    CHETAN PATIL is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff.

## STATEMENT OF FACTS

38.    On or about May 13, 2024, Plaintiff was employed by Defendants to work as a sous chef at Bombay Bistro West Village, located at 31 Cornelia Street, New York, New York 10014. Plaintiff's duties consisted mainly of preparing ingredients and cooking under the direct instructions and supervision of the chef, Individual Defendant CHETAN PATIL. At all times, Plaintiff's duties did not include the management of any employees at Bombay Bistro West Village. At all relevant times, Plaintiff worked for Defendants until on or about January 19, 2026.

39.    At all times, Plaintiff was employed as a non-exempt employee under the FLSA and NYLL.

40.    At all relevant times, Plaintiff's work schedule was fifty-eight (58) hours per workweek and Plaintiff regularly worked his scheduled hours throughout his employment. At all relevant times, he worked from 2:00pm to 12:00am on Mondays and Tuesdays, from 2:30pm or 3:00pm until 12:00am from Wednesdays through Saturdays. At all relevant times, Plaintiff regularly worked without any uninterrupted meal breaks.

41.    From in or around May 2024 through in or around August 4, 2024, Plaintiff was compensated at an hourly rate of $22.00 for his regular hours worked and compensated at an overtime rate of $33.00 for his overtime hours worked.

42.    From in or around August 5, 2024 through the end of Plaintiff's employment, Defendants compensated Plaintiff on a fixed, weekly salary basis.

43.    From in or around August 5, 2024 through September 29, 2024, Plaintiff was compensated on a fixed salary basis of $1,000.00 per week, regardless of the number of actual hours worked per week. From in or around August 5, 2024 through September 29, 2024, Plaintiff was compensated $800 by check and $200 by cash.

44.    From in or around September 30, 2024 through April 13, 2025, Plaintiff was compensated on a fixed salary basis of $1,200.00 per week, regardless of the number of actual hours worked per week. From in or around September 30, 2024 through April 13, 2025, Plaintiff was compensated $1,000 by check and $200 by cash.

45.    From in or around April 14, 2025 through the end of Plaintiff's employment, Plaintiff was compensated on a fixed salary basis of $1,200.00 per week, regardless of the number of actual hours worked per week. From in or around April 14, 2025 through the end of Plaintiff's employment, Plaintiff was compensated $1,200 by check.

46.    At all times, Plaintiff's duties did not involve the exercise of discretion and independent judgment with respect to matters of significance. At all times, Plaintiff's duties did not involve any management of other employees. For the back of house, Defendants only employed a sous chef (Plaintiff), who took direct orders from Individual Defendant CHETAN PATIL as to what ingredients to prepare and which food items to cook for the day, a baker who solely made naan all day, and a dishwasher. Plaintiff did not manage any of these employees.

7

Plaintiff also did not have the authority to hire or fire employees, or make suggestions and recommendations regarding the employment status of other employees. At all times, Plaintiff worked pursuant to instructions from Individual Defendant CHETAN PATIL.

47.    At all relevant times, from in or around August 5, 2024 through the end of his employment, despite Plaintiff regularly working well over forty (40) hours per week, Defendants failed to pay Plaintiff his overtime premium equal to one-and-a-half times his regular rate of pay for work performed in excess of forty hours per week.

48.    At all relevant times, Plaintiff regularly worked over a spread of ten hours in a given workday twice a week on Mondays and Tuesdays but did not receive a spread-of-hours premium.

49.    At all relevant times, Plaintiff did not receive a proper notice of pay rate or pay day from Defendants, as required under the NYLL. Specifically, when Defendants unilaterally changed their method of compensation and started paying Plaintiff on a fixed salary, Defendants paid Plaintiff less than if he were paid the original hourly rate plus overtime. Defendants did not provide a proper notice of pay pursuant to a change in pay rate. The lack of proper notice of pay rate allowed Defendants to compensate Plaintiff in ways to hide their underpayment to Plaintiff.

50.    At all relevant times, Plaintiff did not receive proper wage statements from Defendants, in violation of the NYLL. Specifically, the wage statements failed to set forth Plaintiff's full and proper wages. For example, at times, part of his fixed salary was paid to him and itemized as a reimbursement in order to undercut Plaintiff's wages. Furthermore, the wage statements were improper as they did not set forth the number of hours that Plaintiff worked for Defendants.

51.    At all relevant times, as a result of Defendants' failure to provide proper notice of pay rate and wage statements, Plaintiff was undercompensated.

52. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and similarly situated employees in violation of the FLSA and NYLL.

53. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay the full and proper overtime wages at a rate not less than time and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek to Plaintiff, in violation of the FLSA and NYLL.

54. At all relevant times, Defendants were aware or should have been aware that Plaintiff regularly worked more than forty (40) hours per workweek yet failed to pay overtime compensation for hours worked over forty (40) in a workweek.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

56. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

*          *          *

57. Starting in or around the summer of 2025, Plaintiff initially complained to the manager, Ajay Dakhal, to the accountant/Human Resources, Laurency Igusti, and to Individual Defendant CHETAN PATIL that they were improperly compensating him and that he should be paid a regular hourly rate of pay, plus overtime, and that they should not be paying him on a fixed-salary basis.

58. After he made this complaint to Individual Defendant CHETAN PATIL, Plaintiff was subjected to micro-aggressive behavior by Individual Defendant CHETAN PATIL, which

9

escalated after the manager, Mr. Dakhal, left Bombay Bistro West Village on or about September 11, 2025.

59.    Following Mr. Dakhal's departure, Individual Defendant CHETAN PATIL subjected Plaintiff to heightened scrutiny, would threaten Plaintiff that he would report Plaintiff to the U.S. Immigration and Customs Enforcement ("ICE"), and would regularly threaten Plaintiff that he could terminate Plaintiff's employment at any time.

60.    After several months of a continuous hostile work environment from Individual Defendant CHETAN PATIL, on or about December 15, 2025, Plaintiff informed Individual Defendant RAJU MIRCHANDANI that they should be paying him overtime, that they had failed to properly withhold federal taxes on his wage statements, that Individual Defendant CHETAN PATIL was threatening to deport him, and that Individual Defendant CHETAN PATIL also kept threatening to terminate him.

61.    Individual Defendant RAJU MIRCHANDANI had initially scheduled a meeting to further discuss the matter but was injured on or about December 17, 2025. Thereafter, Individual Defendant CHETAN PATIL took over even more of the management and day-to-day operations.

62.    Individual Defendant CHETAN PATIL then continued his antics and finally fabricated a reason to terminate Plaintiff on January 19, 2026.

**STATEMENT OF CLAIM**

**COUNT I**

**FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
*(Violation of the Fair Labor Standards Act)*

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

65. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which he is entitled under the FLSA.

66. At all times relevant, Defendants failed to pay Plaintiff the full and proper wages for all hours worked.

67. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

68. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

70. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

71. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

### SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
#### (*Violation of the New York Labor Law*)

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been an employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

74.     At all times relevant, Defendants failed to pay Plaintiff the proper overtime premium for all hours worked in excess of forty (40) hours per workweek.

75.     At all times relevant, Defendants failed to pay Plaintiff the full and proper wages for all hours worked.

76.     At all times relevant, Defendants failed to pay Plaintiff his spread-of-hours premium for workdays that exceeded ten hours in any given workday.

77.     Defendants failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

12

78.    Defendants failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff as required by the NYLL and the supporting New York State Department of Labor Regulations.

80.    Defendants failed to properly disclose or apprise Plaintiff of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

81.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, unpaid spread of hours premium, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

### THIRD CAUSE OF ACTION
*Retaliation in Violation of the Fair Labor Standards Act*

82.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.    Plaintiff is an employee and a protected person within the meaning of the FLSA and Defendants are covered employers under the FLSA.

84.    The FLSA prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the FLSA. 29 U.S.C. § 215(a)(3).

85.    Defendants unlawfully retaliated against Plaintiff on the basis of his protected activities under the FLSA by terminating Plaintiff's employment following their receipt of Plaintiff's complaints of unpaid wages and improper tax withholdings.

86.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

87.    Due to Defendants' violation of FLSA, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) liquidated damages; and (3) attorneys' fees.

### FOURTH CAUSE OF ACTION
#### *Retaliation in Violation of the New York Labor Law*

88.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.    Plaintiff is an employee and a protected person within the meaning of the NYLL and Defendants are covered employers under the NYLL.

90.    The NYLL § 215 prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the NYLL.

91.    Defendants unlawfully retaliated against Plaintiff on the basis of his protected activities under the NYLL by by terminating Plaintiff's employment following their receipt of Plaintiff's complaints of unpaid wages and improper tax withholdings.

14

92.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

93.    Due to Defendants' violation of NYLL, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) liquidated damages; and (3) attorneys' fees.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff, on behalf of himself, respectfully requests that this Court grant the following relief:

a.  An award of unpaid overtime wages due under the FLSA and NYLL;

b.  An award of unpaid wages due under the FLSA and NYLL;

c.  An award of unpaid spread-of-hours premium due under the NYLL;

d.  An award of liquidated damages as a result of Defendants' willful failure to pay proper wages, pursuant to the FLSA and NYLL;

e.  Statutory penalties for Defendants' failure to provide proper wage notices, as required by the NYLL;

f.  Statutory penalties for Defendants' failure to provide proper wage statements, as required by the NYLL;

g.  An order awarding relief for Defendants' retaliation, including but not limited to lost compensation, under the FLSA and NYLL;

h.  Pre-judgment and post-judgment interest;

i.  Reasonable attorneys' fees and costs of this action;

15

j.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 30, 2026                              Respectfully submitted,

**BROWN KWON & LAM, LLP**

By:      */s/ Clara Lam*

Clara Lam, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

16